Reed v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-03-155-CR

2-03-156-CR

JAMAL ANTON REED APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jamal Anton Reed appeals the denial of his request for post-conviction DNA testing.  A jury found Reed guilty in 1995 of aggravated sexual assault with a deadly weapon and aggravated robbery with a deadly weapon and assessed his punishment at eighty years’ imprisonment for each offense. This court affirmed Reed’s conviction and sentence on direct appeal.  
See Reed v. State
, 927 S.W.2d 289 (Tex. App.—Fort Worth 1996, no pet.).  Subsequently, Reed filed a motion for post-conviction DNA testing; after a hearing, the trial court denied the motion.  In a single point, Reed contends that the trial court erroneously refused to grant him a post-conviction DNA test. We will affirm.

II.  Requirements for DNA Testing

A convicting court may order DNA testing only if certain statutory requisites are met.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 64.03 (Vernon Supp. 2004); 
Bell v. State, 
90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (holding that convicting court must order testing only if the statutory preconditions are met). These statutory requisites include the requirements that the DNA evidence still exists in a condition making DNA testing possible; that the DNA evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and that identity was or is an issue in the case.  
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1).  If these requirements are met, the convicted person must then establish by a preponderance of the evidence that there is a reasonable probability he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing and that the request for testing is not made to unreasonably delay the execution of sentence or administration of justice.  Act of April 3, 2001, 77
th
 Leg., R.S., ch2, § 2, 2001 Tex. Gen. Laws 2,3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 
64.03(a)(2)); 
see also Kutzner v. State
, 75 S.W.3d 427, 437 (Tex. Crim. App. 2002).

III.  Identity Requirement Not Satisfied
 

Following the hearing on Reed’s motion for DNA testing, the trial court found that Reed’s identity “was not or is not an issue in this case since he admitted to the sexual assault of [the victim].”  The trial court’s findings of fact also state that Reed “admitted in his written statement that he forced the victim to perform oral intercourse on him while he had a gun in his hand.”  When an appellant confesses, his identity is not at issue. 
 Bell
, 90 S.W.3d at 308.

A review of Reed’s motion for DNA testing and his attached affidavit likewise reveal that identity was not an issue at trial.  
Id.
 (holding appellant must show that identity “was or is” an issue, not that future DNA testing could raise the issue).  Because Reed did not show that identity was or is an issue, the trial court did not err by denying Reed’s motion for DNA testing.  In light of this holding, we do not reach the State’s additional, alternative argument that Reed also failed to meet the statutory requisite of showing that there is a reasonable probability he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. 
 Act of April 3, 2001, 77
th
 Leg., R.S., ch2, § 2, 2001 Tex. Gen. Laws 2,3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 
64.03(a)(2)(A)).

IV.  Conclusion

Accordingly, we hold that the trial court did not err in denying Reed’s motion for DNA testing where identity was not at issue.  We overrule Reed’s sole point and affirm the trial court’s judgments.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.